Argued February 2, affirmed March 30, petition for rehearing
denied May 17, 1966

# STATE OF OREGON v. EDWARDS

412 P. 2d 526

*John M. Ross,* Medford, argued the cause and filed a brief for appellant.

*Thomas J. Owens,* District Attorney, Medford, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and SCHWAB, Justices.

PERRY, J.

The defendant Donald Allen Edwards was convicted of the crime of sodomy and appeals.

The evidence discloses that one Mr. Joseph A. DeLorme, who lived at Central Point, Oregon, met the defendant in February, 1962, at a bar in Portland frequented by "gay people," "people of homosexual inclinations." Soon thereafter the defendant accompanied DeLorme to Central Point where they stayed at the home of DeLorme's parents. DeLorme went to San Francisco to study music and the defendant accompanied him and they lived together there.

DeLorme testified that in the latter part of December, 1962, he and defendant went to Reno, Nevada, where they were married in a civil ceremony, DeLorme using the given name "Joyce." The marriage license, signed by the defendant and DeLorme, was introduced into evidence, together with the marriage certificate showing that the parties participated in a wedding ceremony before William R. Beemer, a justice of the peace.

Some time later, these parties returned to Oregon and lived in Medford. DeLorme dressed in women's clothes and used the name "Mrs. Joyce Allena Edwards." DeLorme testified defendant had sexual in-

tercourse with him, "anal penetration." A Mr. Miller testified he lived on Roberts Road in Medford near where DeLorme and defendant lived; that he saw De-Lorme dressed in women's clothes and defendant spoke of DeLorme as his wife.

The defendant first contends that the trial court erred in overruling his demurrer to the indictment. The charging part of the indictment is as follows:

"* * * then and there acting together with one Joseph Alexandre DeLorme, did then and there unlawfully, willfully, voluntarily and feloniously commit the crime of sodomy with and upon the person of the said Joseph Alexandre DeLorme by then and there inserting his private parts in the rectum of the said Joseph Alexandre DeLorme, * * *"

■ The defendant's argument is that the state in using the word "voluntarily" in the indictment told the jury that one of the necessary elements of the crime of sodomy was the voluntary cooperation of the prosecuting witness. The indictment clearly states that the voluntary act of "inserting" was that of the defendant. True, the use of the word "voluntarily" was surplusage, but no prejudice, even under the contention of the defendant, could result to him. ORS 132.590.

■ The defendant also argues that the trial court erred in permitting the complaining witness to state that the defendant had sexual intercourse with him. In view of the facts above recited there can be no doubt in anyone's mind but that the jury understood fully that the witness was describing in his language an act of sodomy.

■ The defendant also assigns as error the failure of the trial court to instruct the jury that Mrs. De-Lorme, the mother of the complaining witness, was an

accomplice as a matter of law, and in fact instructing the jury that she was not an accomplice as a matter of law.

An examination of the record convinces us there is no evidence that would support a reasonable inference that Mrs. DeLorme was an accomplice in the crime charged.

■ The defendant also contends that there was insufficient evidence to corroborate the testimony of the admitted accomplice Joseph Alexandre DeLorme and thus sustain a judgment of conviction.

The statement of facts above set out discloses there is no merit in this contention.

The defendant has assigned numerous other matters occurring in the trial which he contends constituted prejudicial error. We have carefully examined each assignment and find no merit in them.

The judgment is affirmed.